AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

FILED

# UNITED STATES DISTRICT COURT

13 SEP 30 AM 11:46

## SOUTHERN DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
DOUGLAS MCLAIN, JR. (2)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

BY DEPUTY

Case Number: 12CR0918-BEN

MARK F. ADAMS
Defendant's Attorney

**REGISTRATION NO.** 17405021

☐

THE DEFENDANT:

☐ pleaded guilty to count(s) ____

☒ was found guilty on count(s) 1-24, 33-35 OF THE INDICTMENT.
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | CONSPIRACY TO COMMIT MAIL FRAUD, WIRE FRAUD, AND SECURITIES FRAUD | 1 |
| 18 USC 1341 AND 2 | MAIL FRAUD AND AIDING AND ABETTING | 2-8 |
| 18 USC 1343 AND 2 | WIRE FRAUD AND AIDING AND ABETTING | 9-23 |
| 15 USC 78j(b), 78ff, 17 CFR 240.10b-5, 18 USC 2 | SECURITIES FRAUD AND AIDING AND ABETTING | 24 |
| 18 USC 1957, 18 USC 2 | MONEY LAUNDERING AND AIDING AND ABETTING | 33-35 |

The defendant is sentenced as provided in pages 2 through 12 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☐ Count(s) ____ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $2,700.00 ($100.00 each count) forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☒ Fine waived ☒ Forfeiture pursuant to order filed JULY 2, 2013, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

SEPTEMBER 23, 2013
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

DEFENDANT: DOUGLAS MCLAIN, JR. (2)
CASE NUMBER: **12CR0918-BEN**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

Count 1: Sixty (60) months;
Counts 2-24: Fifteen (15) years as to each count concurrently;
Counts 33-35: One hundred and twenty (120) months concurrently;
ALL COUNTS TO RUN CONCURRENTLY.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐a.m. ☐p.m. on ____________ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before ____________

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DOUGLAS MCLAIN, JR. (2)
CASE NUMBER: **12CR0918-BEN**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
THREE (3) YEARS AS TO EACH COUNT, CONCURRENTLY.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DOUGLAS MCLAIN, JR. (2)
CASE NUMBER: **12CR0918-BEN**

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within days.

☐ Complete hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ Not engage in the employment or profession involving any fiduciary responsibility.

DEFENDANT: DOUGLAS MCCLAIN, JR. (2)
CASE NUMBER: 12CR0918-BEN

## RESTITUTION

The defendant shall pay restitution in the amount of $81,731,879.98 unto the United States of America.

This sum shall be paid ___ immediately.
_x_ as follows:

Through the Clerk, U. S. District Court. Payment of restitution shall be forthwith or during the period of incarceration through the Inmate Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during his supervised release at the rate of $250 per month, or 20% of the defendant's income, whichever is greater. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs. The U.S. Attorney's Office shall provide to the U.S. District Court names, addresses, and monetary amounts of all victims.

The Court has determined that the defendant does have the ability to pay interest. It is ordered that:

_x_ The interest requirement is waived.

___ The interest is modified as follows:

FILED

2013 JUL -2 AM 11:58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _______ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DOUGLAS McCLAIN, JR. (2),

Defendant.

Case No. 12cr0918-BEN

PRELIMINARY ORDER OF CRIMINAL FORFEITURE

WHEREAS, in the Indictment and the Bill of Particulars in the above-captioned case, the United States sought forfeiture of specific properties identified in paragraph 1 below, pursuant to 18 U.S.C. §§ 981, 982, and 984, and 28 U.S.C. § 2461, as proceeds of conspiracy, mail fraud, wire fraud and securities fraud, in violation of 18 U.S.C. §§ 371, 1341, 1343, 15 U.S.C. §§ 78j(b) and 78ff , and as properties involved in the offense of money laundering in violation of 18 U.S.C. § 1957; and

WHEREAS, on or about May 31, 2013, the jury convicted Defendant DOUGLAS MCCLAIN, JR. on Counts 1-24 and 33-35 of the Indictment, and

WHEREAS, on or about June 4, 2013, the jury rendered forfeiture verdicts as to the specific properties finding that the United States had established the requisite nexus between the specific properties and the offenses for which Defendant was convicted,

IT IS HEREBY ORDERED THAT, based upon the jury's forfeiture verdicts:

1. The following properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981, 982, and 984, and 28 U.S.C. § 2461(c):

**Real Property**

The real property located at located at 16013 D'Alene Drive, Delray Beach, Florida 33446, and all appurtenances affixed thereto. The real property is more particularly described as:

PROPERTY ID. NO.: 00-42-46-20-16-000-0020

Lot 2, DELRAY TRAINING CENTER P.U.D. - PARCEL B, according to the map or plat thereof, as recorded in Plat Book 86, Page 157, of the Public Records of Palm Beach County, Florida.

**Securities Brokerage Accounts**

All monies, funds, securities and credits in 1st Discount Brokerage Account xxx-xxxxx-18-RR900, in the name of SW ARGYLL Investments, LLC.

All monies, funds, securities and credits in Morgan Stanley Smith Barney Account xx-xxCTL-6, in the name of SW ARGYLL Investments, LLC.

All monies, funds, securities, and credits in Ascendiant Capital Markets, LLC Account xxx-xxxxxRR-9AZ in the a name of SW ARGYLL Investments, LLC.

**Financial Accounts at Bank of America**

All monies, funds and credits in Bank of America Account (BofA) xxxxx-x3952, in the name of SW ARGYLL Investments, LLC.

All monies, funds and credits in Bank of America Account (BofA) xxxxx-x1757, in the name of ARGYLL Aviation, LLC.

All monies, funds and credits in Bank of America Account (BofA) xxxxx-x8807, in the name of James T. Miceli and Dona M. Miceli.

**Financial Accounts at JP Morgan Chase**

All monies, funds and credits in JP Morgan Chase Account xxx-xx1638-1, in the name of James Miceli or Dona Miceli.

All monies, funds and credits in JP Morgan Chase Account xxxxxxxx4073, in the name of Stephen D. Ferrone or Sharon Vaughn.

**Financial Accounts at Wachovia Bank**

All monies, funds and credits in Wachovia Bank Account xxxxxxxx6242, in the name of Amerifund Capital Finance, LLC.

All monies, funds and credits in Wachovia Bank Account xxxxxxxxx7113, in the name of Jeffrey Spanier.

All monies, funds and credits in Wachovia Bank Account xxxxxxxxx6481, in the name of Regina Spanier.

**Financial Accounts at Iberia Bank**

All monies, funds and credits in IberiaBank (formerly Sterling Bank) Account xxxxxx2968, in the name of Amerifund Capital Finance LLC.

**Financial Accounts at Suntrust Bank**

All monies, funds and credits in SunTrust Account xxxxxxxxxx8460, in the name of Douglas McClain.

**Vessel**

2008 Advantage Party Cat, Hull # AVIP4654G708, registered to Andrew M. Abdulwahab, 15821 Ventura Blvd., Suite 500, Encino, California; beneficial owner: James Miceli, 14440 Cypress Point, Poway, California 92064.

2008 Extreme Tri Axle Carrier, VIN # 5DBBB36398R000001, registered to Andrew M. Abdulwahab, 8819 Apache Loop, Parker, Arizona 85344; beneficial owner: James Miceli, 14440 Cypress Point, Poway, California 92064.

**Jewelry**

One 14 karat diamond bracelet purchased on or about September 1, 2010 from Unicorn Jewelry & Watch Boutique, 16781 Bernardo Center Drive, San Diego, California 92128.

One 18 karat gold diamond necklace purchased on or about September 1, 2010 from Unicorn Jewelry & Watch Boutique, 16781 Bernardo Center Drive, San Diego, California 92128.

2. As a the result of the guilty verdicts on Counts 1-24 and 33-35 of the Indictment, for which the United States sought forfeiture pursuant to 18 U.S.C. § 981, 982, and 984, and 28 U.S.C. § 2461(c), defendant DOUGLAS MCCLAIN, JR. ("Defendant") shall forfeit to the United States all right, title and interest he has in the specific properties identified in paragraph 1 above.

3. Upon the entry of this Order, the United States Marshals Service is authorized to seize and take custody of the following properties which are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

**Real Property**

The real property located at located at 16013 D'Alene Drive, Delray Beach, Florida 33446, and all appurtenances affixed thereto. The real property is more particularly described as:

PROPERTY ID. NO.: 00-42-46-20-16-000-0020

Lot 2, DELRAY TRAINING CENTER P.U.D. - PARCEL B, according to the map or plat thereof, as recorded in Plat Book 86, Page 157, of the Public Records of Palm Beach County, Florida.

**Securities Brokerage Accounts**

All monies, funds, securities and credits in 1st Discount Brokerage Account xxx-xxxxx-18-RR900, in the name of SW ARGYLL Investments, LLC.

All monies, funds, securities and credits in Morgan Stanley Smith Barney Account xx-xxCTL-6, in the name of SW ARGYLL Investments, LLC.

All monies, funds, securities, and credits in Ascendiant Capital Markets, LLC Account xxx-xxxxxRR-9AZ in the a name of SW ARGYLL Investments, LLC.

**Financial Accounts at Bank of America**

All monies, funds and credits in Bank of America Account (BofA) xxxxx-x3952, in the name of SW ARGYLL Investments, LLC.

All monies, funds and credits in Bank of America Account (BofA) xxxxx-x1757, in the name of ARGYLL Aviation, LLC.

All monies, funds and credits in Bank of America Account (BofA) xxxxx-x8807, in the name of James T. Miceli and Dona M. Miceli.

**Financial Accounts at JP Morgan Chase**

All monies, funds and credits in JP Morgan Chase Account xxx-xx1638-1, in the name of James Miceli or Dona Miceli.

All monies, funds and credits in JP Morgan Chase Account xxxxxxxx4073, in the name of Stephen D. Ferrone or Sharon Vaughn.

**Financial Accounts at Wachovia Bank**

All monies, funds and credits in Wachovia Bank Account xxxxxxxx6242, in the name of Amerifund Capital Finance, LLC.

All monies, funds and credits in Wachovia Bank Account xxxxxxxxx7113, in the name of Jeffrey Spanier.

All monies, funds and credits in Wachovia Bank Account xxxxxxxxx6481, in the name of Regina Spanier.

**Financial Accounts at Iberia Bank**

All monies, funds and credits in IberiaBank (formerly Sterling Bank) Account xxxxxx2968, in the name of Amerifund Capital Finance LLC.

**Financial Accounts at Suntrust Bank**

All monies, funds and credits in SunTrust Account xxxxxxxxxx8460, in the name of Douglas McClain.

**Vessel**

2008 Advantage Party Cat, Hull # AVIP4654G708, registered to Andrew M. Abdulwahab, 15821 Ventura Blvd., Suite 500, Encino, California; beneficial owner: James Miceli, 14440 Cypress Point, Poway, California 92064.

2008 Extreme Tri Axle Carrier, VIN # 5DBBB36398R000001, registered to Andrew M. Abdulwahab, 8819 Apache Loop, Parker, Arizona 85344; beneficial owner: James Miceli, 14440 Cypress Point, Poway, California 92064.

**Jewelry**

One 14 karat diamond bracelet purchased on or about September 1, 2010 from Unicorn Jewelry & Watch Boutique, 16781 Bernardo Center Drive, San Diego, California 92128.

One 18 karat gold diamond necklace purchased on or about September 1, 2010 from Unicorn Jewelry & Watch Boutique, 16781 Bernardo Center Drive, San Diego, California 92128.

4. The aforementioned forfeited assets are to be held by the United States Marshals Service in its secure custody and control.

5. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

6. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the Marshals Service's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

7. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

8. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture.

9. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

//

//

//

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: 6/28/13

Honorable Roger T. Benitez
United States District Judge